**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALEXIS GANZ, | DOCKET NUMBER |
| Appellant, | DE-1221-21-0201-W-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: April 2, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

William J. Dunleavy, Esquire, Richardson, Texas, for the appellant.

Jeanelle L. Graham, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant is employed as a GS-12 Clinical Psychologist in the agency's Bureau of Prison's Psychology Services at the Federal Correctional Complex (FCC) in Florence, Colorado. Initial Appeal File (IAF), Tab 13 at 40. According to the appellant, in October 2020, she informed her first-level supervisors, the acting and regular FCC Deputy Chiefs of Psychology, that she had tested positive for COVID-19. IAF, Tab 20 at 5, 41-42, 59, Tab 45 at 34-35.

On October 27, 2020, following a period of quarantine, the appellant returned to work. IAF, Tab 45 at 8, 34. Upon her return, two FCC staff members told her that a third staff member had advised them of her COVID-19 diagnosis. *Id.* at 35-36. The staff member who shared the appellant's diagnosis was not her supervisor and did not work in Psychology Services. *Id.* at 35. Around the same time, an agency employee transferred into the FCC Chief Psychologist position, thus becoming the appellant's new second-level supervisor. IAF, Tab 20 at 16-17.

Between November 5 and 9, 2020, the appellant reported to an Assistant Human Resources Manager, a Special Investigative Agent, and a Health Services Administrator, among others, that she believed the agency improperly disclosed her medical information in violation of the Health Insurance Portability and Accountability Act (HIPAA) and the Privacy Act after she learned that other staff knew about her COVID-19 diagnosis. IAF, Tab 45 at 8. On November 6, 2020, the Health Services Administrator reported to the appellant's first- and second-level supervisors that the appellant had alleged the agency violated HIPAA and was "demanding an investigation." IAF, Tab 12 at 22, Tab 20 at 6, 17-18. The appellant's supervisors also learned that same day, from a different agency employee, that the appellant had published an article that discussed her prior internship in the Bureau of Prisons and identified her as a current employee. IAF, Tab 20 at 7, 18, 22, Tab 13 at 37. The article appeared to lack required agency approval. IAF, Tab 20 at 22-27. On November 17, 2020, the appellant's

first- and second-level supervisors issued the appellant a counseling memorandum for publishing the article without the authorization required by agency policy. IAF, Tab 20 at 7, 18, 23, Tab 13 at 37.

On November 30 or December 1, 2020, an inmate informed the agency that he had reported suicidal ideations to the appellant the prior day. IAF, Tab 13 at 31, Tab 45 at 8. According to the inmate, the appellant ignored this report and failed to complete a suicide risk assessment, after which the inmate harmed himself. IAF, Tab 13 at 31-32. The Associate Warden (AW), who was the appellant's third-level supervisor, referred the matter to the agency's Office of Internal Affairs (OIA) for investigation on December 2, 2020. IAF, Tab 20 at 36-37, Tab 45 at 10. That same day, at the direction of the AW, the appellant's second-level supervisor placed the appellant on administrative non-clinical duties. IAF, Tab 13 at 29, Tab 20 at 18-19, 38. The administrative judge found, and the parties do not dispute on review, that this assignment involved work at the level of a GS-7 Psychology Technician and regular augmentation. IAF, Tab 73, Initial Decision (ID) at 2-3; IAF, Tab 20 at 38. "Augmentation" within the agency means ordering employees whose positions do not primarily involve security duties to perform the duties of a correctional officer. IAF, Tab 52, Hearing Recording (HR), Day 1, Track 8 (testimony of the appellant's second-level supervisor).

The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that in retaliation for her Privacy Act and HIPAA disclosures, the agency issued her the November 17, 2020 counseling memorandum, initiated the OIA investigation, assigned her to administrative duties, which included performing correctional officer duties, informed her that she was "no longer a psychologist," and subjected her to a hostile work environment. IAF, Tab 1 at 9, Tab 12 at 21-24. After OSC closed its investigation, the appellant filed this appeal. IAF, Tab 1 at 1, 9.

The administrative judge advised the appellant of her jurisdictional burden and instructed her to file evidence and argument regarding the jurisdictional issue. IAF, Tab 3. After the parties responded, the administrative judge found that the appellant exhausted her OSC remedy and otherwise established jurisdiction over the above disclosures and some of the alleged personnel actions. IAF, Tabs 12, 15, Tab 24 at 3-5. The administrative judge determined that the memorandum of counseling and OIA investigation were not personnel actions within the Board's IRA jurisdiction. IAF, Tab 34 at 6-7.

After holding a 3-day hearing, the administrative judge issued an initial decision in which she found that the appellant proved that she made protected disclosures and was subjected to personnel actions. ID at 5, 8-9. The administrative judge concluded that the appellant failed to prove her prima facie case of whistleblower reprisal because she did not show that her protected disclosures were a contributing factor in the AW's decision to place her on administrative duties because he was unaware of her disclosures. ID at 9-10. In so holding, the administrative judge credited the AW's testimony that he did not know, and that he did not consult with anyone who knew, about the disclosures. ID at 10.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tabs 1-2. She appears to reassert that she was subjected to a "retaliatory investigation." PFR File, Tab 2 at 10. She disagrees with the administrative judge's determination that the AW credibly denied knowledge of the appellant's disclosures. PFR File, Tab 1 at 12-15. She argues that the administrative judge abused her discretion in her discovery-related rulings and violated the appellant's due process rights when technical issues caused the loss of 1 day of the hearing recording, which required recalling a witness to testify again. PFR File, Tab 1 at 7, 13, 15-17, 19-20. Finally, she presents evidence, some of which the administrative judge rejected below, allegedly showing that the agency subjected her to additional personnel actions after the close of record when it told her

she could resume clinical duties, continued to investigate her, and refused to provide a copy of the OIA investigative report. PFR File, Tab 1 at 18-19. The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in her jurisdictional determination by failing to consider the memorandum of counseling and OIA investigation as part of a hostile work environment claim.</u>

Below, the appellant timely objected to the administrative judge's finding that the Board lacks jurisdiction over her memorandum of counseling and the OIA investigation. IAF, Tab 24 at 4-7, Tab 25. The administrative judge declined to revisit this determination. IAF, Tab 28. Although the appellant has not directly challenged the administrative judge's findings regarding the Board's jurisdiction over these alleged personnel actions on review, she reiterates that she was subjected to a "retaliatory investigation." PFR File, Tab 2 at 10, 18.

To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[2] *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 5. The definition of "personnel action" includes 11 enumerated matters and a final category for "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii).

---

[2] Although not necessary for our jurisdictional finding, we observe that the appellant may be able to prove, on the merits, that some of her disclosures were made to agency "component[s] responsible for internal investigation or review." Such disclosures constitute protected activities under 5 U.S.C. § 2302(b)(9)(C) regardless of their content. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 62.

As the administrative judge correctly noted in her jurisdictional findings, an investigation does not, by itself, constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A). ID at 28; *Spivey*, 2022 MSPB 24, ¶¶ 11-12. Further, a counseling letter that merely advises an appellant of agency rules without warning of future discipline or proposing additional restrictions is not, on its own, a personnel action. *See Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶ 17 n.* (2006) (agreeing with an administrative judge's determination that a counseling letter that set forth the agency's existing rules regarding leave usage without threatening disciplinary action or proposing to restrict the appellant's leave usage was not a personnel action). Here, the November 17, 2020 counseling memorandum noted that the appellant had published an article that "provid[ed] procedural information pertaining to the Bureau of Prisons" and the appellant's employment at the agency without obtaining agency approval "prior to publication as required by policy." IAF, Tab 20 at 33. The appellant's second-level supervisor specifically reassured the appellant that the memorandum of counseling was "not disciplinary." IAF, Tab 20 at 32. Thus, the memorandum was simply a reminder that the appellant was required to follow agency policy.

When, as here, agency actions do not independently fall within the 11 enumerated personnel actions, the administrative judge must "analyze whether any of [the appellant's] allegations individually or collectively fall under category ([xii])." *Holderfield v. Merit Systems Protection Board*, 326 F.3d 1207, 1209 (Fed. Cir. 2003) (citing to 5 U.S.C. § 2302(a)(2)(A)(xi), where this provision was previously located).[3] Although the Board interprets "significant change" broadly to include harassment and discrimination that could have a chilling effect on

---

[3] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510 (2018), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16. Thus, the Board may have jurisdiction over an alleged significant change in working conditions that includes, among other actions, an investigation. *See id.*, ¶ 18 (finding that an appellant nonfrivolously alleged that his employing agency significantly changed his working conditions based on his claims that officials in his chain of command excluded him from meetings and conversations, subjected him to multiple investigations, accused him of "fabricating data" and of a Privacy Act violation, refused his request for a review of his position for possible upgrade, yelled at him on three occasions, and failed to provide him the support and guidance needed to successfully perform his duties). We find that this same reasoning applies to a memorandum of counseling.

Here, the appellant alleged that, between her November 2020 protected disclosures and February 2021, her supervisors issued her a memorandum of counseling, referred an incident with an inmate in which she was the alleged wrongdoer to OIA for investigation, assigned her duties below her level, and required her to perform correctional officer duties. IAF, Tab 12 at 8-9, Tab 20 at 5, 45. She further alleged that her new first-level supervisor advised her that she was "no longer a psychologist" and that refusal to perform correctional officer duties could result in discipline.[4] IAF, Tab 12 at 9.

___

[4] The administrative judge found that the appellant exhausted her claim regarding her supervisor's alleged February 2021 comments. IAF, Tab 24 at 4-5. However, the administrative judge found that the appellant failed to prove she exhausted her claim that her first-level supervisor again told her that she was "no longer a psychologist" on April 4, 2021, as well as claims regarding other incidents occurring after OSC closed its investigation in March 2021. IAF, Tab 24 at 7, Tab 28. The parties have not challenged these findings on review, and we discern no basis to disturb them. IAF, Tab 12 at 13-42.

She identified the supervisors involved and when the incidents occurred. *Id.* Further, although not necessary for a jurisdictional finding, the agency does not dispute that these incidents took place. IAF, Tab 13 at 29, Tab 20 at 33, Tab 45 at 8-10; *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367-69 (Fed. Cir. 2020) (finding that a jurisdictional determination in an IRA appeal should be based on an appellant's allegations without crediting an agency's evidence contradicting those allegations). Taken cumulatively, we find that the appellant nonfrivolously alleged that these actions constitute a significant change in duties, responsibilities, and working conditions. Further, the appellant proved that she exhausted these allegations with OSC. IAF, Tab 12 at 20-24.

<u>The appellant nonfrivolously alleged that her protected disclosures were a contributing factor in the alleged personnel actions.</u>

The administrative judge found that the appellant nonfrivolously alleged that her protected disclosures were a contributing factor in the decision to place the appellant on administrative status, strip her of clinical responsibilities, and assign her as a "first line staff member" for augmentation purposes, as well as the February 22, 2021 comment that she was "no longer a psychologist." IAF, Tab 12 at 9-10, Tab 24 at 4-5. The parties do not dispute this finding on review, and we decline to disturb it.

Because she found that the memorandum of counseling and OIA investigation were not personnel actions, the administrative judge did not make jurisdictional findings on contributing factor as to those matters. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the official taking the personnel action knew of

the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*, ¶ 15. Applying this test, we find that the appellant nonfrivolously alleged contributing factor as to both the memorandum of counseling and OIA investigation.

The appellant's first- and second-level supervisors issued the November 17, 2020 memorandum of counseling 11 days after learning of the appellant's disclosures. IAF, Tab 20 at 6-7, 17-18, 33. The Board has held that the timing prong of the knowledge/timing test is satisfied when a personnel action occurred within 1 to 2 years of the protected disclosure or activity. *Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶ 63. Therefore, these facts amount to a nonfrivolous allegation of contributing factor as to the memorandum of counseling.

The appellant also alleged to OSC that the AW "demanded that the Special Investigative Agents . . . refer an inmate allegation against me to OIA for review" less than 4 weeks after she made her protected disclosures. IAF, Tab 12 at 20-21, 23. Thus, she met the timing prong of the knowledge/timing test as to this personnel action. She also made nonfrivolous allegations concerning the knowledge prong. As to the knowledge prong, the appellant need only make a nonfrivolous allegation that the agency official who took the action had constructive knowledge of the disclosure. *Swinford v. Department of Transportation*, 107 M.S.P.R. 433, ¶ 9 (2007). The agency submitted a sworn statement from the AW corroborating that he requested the OIA investigation. IAF, Tab 20 at 37. The appellant alleged below that the AW had a "very long standing relationship" with the appellant's first-level supervisor at the time that the AW made the OIA referral. IAF, Tab 12 at 6, 23-24. It is undisputed that this supervisor was aware of the appellant's disclosure. IAF, Tab 20 at 6. We interpret this as an implicit allegation that the AW had constructive knowledge of the appellant's protected disclosures when he referred her for

an OIA investigation. This amounts to a nonfrivolous allegation that the appellant's protected disclosure was a contributing factor in the AW's decision to refer her for an OIA investigation.

Therefore, we find that the appellant nonfrivolously alleged that her disclosures were a contributing factor in the memorandum of counseling and OIA investigation under the knowledge/timing test.

We vacate the initial decision in its entirety and remand for new findings on the merits.

At the merits stage of an IRA appeal, the appellant must prove by preponderant evidence that she made a protected disclosure or engaged in a protected activity that was a contributing factor in a personnel action taken against her. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 13. If the appellant meets that burden, the agency is given an opportunity to prove by clear and convincing evidence that it would have taken the same personnel action absent the protected disclosure or activity. *Id.* The administrative judge made findings on the merits of the appellant's claims after she improperly narrowed the scope of the alleged hostile work environment over which the Board has jurisdiction.

The administrative judge who oversaw the proceedings below and issued the initial decision is no longer employed by the Board. When there is conflicting testimony on a material issue, and a new administrative judge will decide the case, the testimony should be heard again to permit her to make credibility determinations based on witness demeanor. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24. Because our findings here expand the scope of the hostile work environment that the administrative judge must address on the merits, and the parties disagree as to whether the agency's alleged actions were motivated by the appellant's disclosures, we vacate the initial decision in its entirety. *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013) (finding that when the relevant evidence needs to be reweighed,

the administrative judge is in the best position to do so because she is the one who heard the live testimony and made credibility determinations). On remand, the assigned administrative judge should hold a new hearing on the merits of the appellant's claims and issue a remand initial decision on all of the issues without relying on the vacated initial decision.

On remand, in making findings as to whether the appellant proved that her disclosures were a contributing factor in the AW's decision to place the appellant on administrative duties, the administrative judge should consider whether the appellant proved that the AW was influenced by the appellant's second-level supervisor, who had knowledge of the disclosures. In the initial decision, the administrative judge found no evidence that the AW knew, or consulted with anyone who knew, of the appellant's disclosures. ID at 10. The record does not support this conclusion. The appellant's second-level supervisor, who both signed and presented the appellant with the letter assigning her to administrative duties at the direction of the AW, knew of the appellant's disclosures. IAF, Tab 13 at 29, Tab 20 at 17-19. The supervisor testified that she did not discuss the appellant's disclosures with the AW and that she decided not to object to the appellant's reassignment because she agreed with the decision. HR, Day 2, Track 5 (testimony of the appellant's second-level supervisor). On remand, the administrative judge could find that the supervisor's silence on this matter influenced the AW to move forward with the placement of the appellant on administrative duties, thus establishing constructive knowledge. *E.g.*, *Marano v. Department of Justice*, 2 F.3d 1137, 1138-39, 1143 (Fed. Cir. 1993) (finding an employee met his burden of proving contributing factor because the content of his disclosure was the reason the agency conducted an investigation which verified his disclosure and, in turn, led to his reassignment, the personnel action at issue in the case).

The Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider

other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether they had a desire or motive to retaliate against the appellant. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012). The administrative judge's initial decision did not address the alternative to the knowledge/timing test set forth in *Dorney*. ID at 9-10. If, on remand, the administrative judge finds that the appellant did not prove contributing factor under the knowledge/timing test, she should determine if the appellant proved contributing factor under the reasoning in *Dorney*.

On remand, the administrative judge should order the agency to produce the OIA investigation and related materials.

The appellant alleges that the administrative judge abused her discretion in denying the appellant's four motions to compel. PFR File, Tab 2 at 5-7, 14-17; IAF, Tabs 30, 39, 47, 71. As relevant here, discovery must be completed within the time period designated by the administrative judge. 5 C.F.R. § 1201.73(d)(4). Further, a motion to compel must contain a statement that the moving party has discussed or attempted to discuss the anticipated motion with the nonmoving party and made good faith efforts to resolve the discovery dispute. 5 C.F.R. § 1201.73(c)(1)(iii). An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings. *Pridgen*, 2022 MSPB 31, ¶ 71.

The administrative judge denied the appellant's first motion to compel because it was untimely filed without good cause and did not state that she attempted to resolve her discovery dispute with the agency before filing her motion. IAF, Tab 34 at 1-2. The administrative judge had previously advised the parties that they had until July 19, 2021, to respond to discovery requests, and until July 26, 2021, to file motions to compel. IAF, Tab 21 at 1. This amounted to a 9-day period for filing a motion to compel from the opposing

party's allegedly deficient responses. Although the Board's regulations generally provide for a 10-day period, *Pridgen*, 2022 MSPB 31, ¶ 71; 5 C.F.R. § 1201.73(d)(3), we discern no abuse of discretion in the administrative judge shortening the period by 1 day. The agency responded to the appellant's written discovery on July 19, 2021, as required. IAF, Tab 30 at 28, 47. The appellant's attorney filed the first motion to compel on July 27, 2021, and therefore it was 1 day late. IAF, Tab 30 at 1. Further, he did not state in that motion that he attempted to resolve the discovery dispute with the agency. *Id.* at 5-9. Thus, the administrative judge acted within her discretion in denying the motion based on these deficiencies.

Similarly, the administrative judge did not abuse her discretion in denying the appellant's second and third motions to compel. IAF, Tabs 41, 47. She denied the second motion because the appellant's attorney's statement that he unsuccessfully attempted to contact agency counsel within minutes of filing his motion was not a good faith attempt to resolve the discovery dispute, as required by 5 C.F.R. § 1201.73(c)(1)(iii). IAF, Tab 39 at 7-8, Tab 40 at 11, Tab 41. She denied the appellant's third motion to compel because her attorney filed it after the August 27, 2021 deadline for the close of discovery. IAF, Tab 21 at 1, Tabs 47, 48; *see Cassel v. Department of Agriculture*, 72 M.S.P.R. 542, 545-46 (1996) (finding no abuse of discretion in denying discovery motions filed 10 days after the limit specified in the acknowledgment order).

The administrative judge's denial of the appellant's fourth motion to compel discovery is more troublesome. The agency had represented in its July 19, 2021 responses to the appellant's request for production of documents that, at that time, the investigation was still pending. IAF, Tab 39 at 17, Tab 71 at 5. During a status conference on November 16, 2021, the agency's representative acknowledged that the OIA investigation had been completed or was nearing completion. IAF, Tabs 70-72. The appellant thereafter moved to compel production of the report and records of the investigation. IAF, Tab 71 at 4, 7. The administrative judge denied the appellant's fourth motion to

compel discovery on the basis that "[t]he results of the investigatory report are not probative" to the appeal. IAF, Tab 72.

The scope of discovery includes information that appears reasonably calculated to lead to the discovery of admissible evidence. *Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 26 (2012); 5 C.F.R. § 1201.72(a)-(b). We have now determined that the appellant nonfrivolously alleged that the OIA investigation was part of a series of actions that cumulatively constituted a significant change in duties, responsibilities, and working conditions. We need not determine here if the administrative judge abused her discretion in denying the appellant's fourth motion to compel. Instead, we find that the report and related materials may lead to the discovery of admissible evidence. Because the discovery dispute here is narrow, we decline to reopen discovery on remand. However, in order to permit the appellant to fully adjudicate her claims, the administrative judge should order the agency to produce a copy of the OIA investigation and underlying materials. *See Jenkins*, 118 M.S.P.R. 161, ¶¶ 27-29 (permitting the parties to conduct additional discovery related to an appellant's whistleblower reprisal affirmative defense on remand because the administrative judge's rulings related to discovery effectively denied the appellant a full opportunity to establish her claim).

The appellant also argues that the administrative judge abused her discretion when she denied the appellant's request for the testimony of a particular Special Investigative Agent at the hearing. PFR File, Tab 2 at 9; IAF, Tab 46 at 12. The administrative judge denied this request, finding that the appellant's proffer did not establish the relevance of this witness. IAF, Tab 51 at 2. The appellant failed to object to that ruling below and is precluded from raising the issue on review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). However, in light of this Remand Order, the parties may make new requests for witnesses consistent with the administrative judge's orders, and

the administrative judge should make new findings whether to permit those witnesses to testify at the new hearing.

Because we are vacating the initial decision and remanding for a new hearing, we need not reach the appellant's arguments that the administrative judge made erroneous findings of fact; discouraged the appellant from testifying at the end of the hearing; and improperly considered the AW's first day of testimony despite the court reporter failing to record it, requiring that the AW be recalled. PFR File, Tab 2 at 12-14, 19, 21, 40, Tab 5 at 7. We also do not rule on the admissibility of the evidence she offers for the first time on review. PFR File, Tab 2 at 12, 18. On remand, she may request to submit this evidence into the record consistent with the orders of the administrative judge. The appellant also names new witnesses on review. *Id.* at 11-12. Again, she may request the testimony of these witnesses consistent with the administrative judge's orders. We leave whether to permit such witnesses to the sound discretion of the administrative judge on remand.

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.